The opinion of the Court was delivered by
Whitner, J.
I propose to consider the ground of appeal which refers to the rule observed by the Judge on circuit in reference to the subsequent declarations of the defendant. These were heard in part and excluded in part. Whether the declarations, to which the witnesses called would have testified, would at last have been competent, will depend on future disclosures.
That injustice may not be done, further information must be had.
The fact to be ascertained was, whether a parol gift had been *309 made. If the plaintiffs had relied on proof of gift by delivery alone, or on possession of the chattel alone, as evidence of the gift, a rule excluding subsequent declarations would have been affirmed. The proposition must be undeniable, that a party cannot vary the legal consequences of his own act by his own declarations subsequently made. The rule, I apprehend, would be the same, although antecedent declarations of an intention to give, or cotemporaneous admissions of a gift, had been received. Newman vs. Welbourne, 1 Hill, Ch. 13.
In this case the party setting up the gift, relied, in part, on possession as affording presumption, and this he thought proper to fortify by subsequent declarations that a gift had actually been made. In other words, the proof arising from the act was deemed inconclusive, and a corroboration was had by resort to another species of evidence. In such a case, on the authority of Sims vs. Saunders, Harp. 374, approved in Ess’rs McKane vs. Bonner, 1 Bail. 113, “The conduct and conversation of the donor to ascertain his intention, ought to be given entire,” and other subsequent declarations were heard.
Where declarations have been heard, counter declarations cannot be excluded for the reason that the mind has reached a conclusion as to the truth of the case. This the verdict of the jury alone can reveal. Such evidence is somewhat analogous to the testimony of different witnesses to the same transaction. The rule adopted by our Ctfurt must certainly be administered, however, with great caution. Such declarations are clearly incompetent if made post litem motam. The intermediate points, or circumstances, justifying exclusion, are not easily defined. Practically it will be found, doubtless, that the discrimination of the jury as to the proper weight and influence of such conflicting testimony, must be mainly relied on from the ■necessities of the case.
The motion for new trial in this case is granted.
O’Neall, Waedlaw, Frost, Withers and Glover, JJ.s concurred.

Motion granted.